IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN J. OLSON,

                              Petitioner,                    OPINION and ORDER

        v.
                                                             19-cv-691-wmc[1]
UNITED STATES OF AMERICA,

                              Respondent.

---

Petitioner John J. Olson seeks relief under 28 U.S.C. § 2255 following his guilty plea to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Olson contends that after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Hobbs Act robbery is not a crime of violence, and thus his § 924(c) conviction is invalid.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 authorizes me to dismiss a petition to vacate summarily if "it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief. *See also* 28 U.S.C. § 2255(b) (court need not grant an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

I will deny the petition because Olson waived his right to challenge his conviction by his unconditional guilty plea, and his petition would fail on the merits anyway.

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

BACKGROUND

In November 2008, Olson and two codefendants were indicted for several counts of Hobbs Act robbery and brandishing a firearm during and in relation a crime of violence. *United States of America v. Olson*, 08-cr-171-wmc-2. Olson pleaded guilty to counts one and two of the indictment. Plea Agreement, 08-cr-171-wmc-2, Dkt. 83. The plea agreement does not state that it is conditional or that Olson reserved the right to challenge whether Hobbs Act robbery is a crime of violence for § 924(c) purposes. *See id.* In a sentencing memorandum, Olson's counsel stated that Olson "freely and frankly admitted to the charges" in open court. Sentencing Memorandum at 1, 08-cr-171-wmc-2, Dkt. 131. On October 13, 2009, the court entered judgment, imposing a 178-month sentence for Hobbs Act robbery and a consecutive 84-month term on the § 924(c) count. Judgment and Commitment at 1–2, 08-cr-171-wmc-2, Dkt. 135. Olson did not file a direct appeal.

Olson's motion to vacate is dated August 17, 2019. Dkt. 1 at 12. It is the first motion to vacate Olson has filed challenging the convictions at issue. Olson also filed a brief in support and a motion to appoint counsel. Dkt. 2 and Dkt. 3.

MOTION TO VACATE

*Davis* invalidated § 924(c)'s residual clause as "unconstitutionally vague." And Olson contends that Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause. Thus, Olson argues, his § 924(c) conviction is invalid. But Olson acknowledges that the Seventh Circuit has held that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *See* Dkt. 2 at 6–7.

2

Olson argues that the district court likely relied on § 924(c)'s residual clause in convicting him of the § 924(c) charge. He reasons that, had the district court concluded that Hobbs Act robbery was a crime of violence under the elements clause, it would have engaged in "some legal analysis" that "undoubtedly would be reflected on [the] record." *See id.* at 8. Because the record contains no such analysis, Olson contends that the district court concluded that Hobbs Act robbery was a crime of violence under § 924(c)'s residual clause. *See id.* Olson adds that, if I decided that Hobbs Act robbery was a crime of violence under the elements clause, I would violate his Sixth Amendment right to a jury trial. *Id.* Olson suggests that I would be engaging in judicial fact-finding that would "raise the limit of the possible Federal sentence." *See id.* at 9.

A first problem with the petition is that Olson has forfeited his challenge to the classification of Hobbs Act robbery as a crime of violence. A party who unconditionally pleads guilty to a § 924(c) charge waives a challenge to the legal sufficiency of the § 924(c) charge. *Grzegorczyk v. United States*, 997 F.3d 743, 745–46, 748–49 (7th Cir. 2021). The record reflects that Olson's plea agreement was unconditional. *See* Plea Agreement, 08-cr-171-wmc-2, Dkt. 83. Olson has not argued otherwise. Nor does Olson contend that his guilty plea was somehow invalid. *See Grzegorczyk,* 997 F.3d at 748. His attorney stated that Olson "freely and frankly admitted to the charges" in open court. The plea agreement lists the rights that Olson was giving up by pleading guilty and states that the government made Olson no promises or guarantees regarding the sentence that the court would impose. Plea Agreement ¶¶ 2, 10, 08-cr-171-wmc-2, Dkt. 83. The record indicates that his guilty plea was valid, which means that he has waived his challenge to the legal sufficiency of his convictions.

I would summarily deny Olson's petition even if his guilty plea did not bar his claims. As Olson concedes, the Seventh Circuit has held that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *See, e.g.*, *United States v. Hammond*, 996 F.3d 374, 397–98 (7th Cir. 2021); *United States v. Morrow*, 5 F.4th 808, 817 (7th Cir. 2021); *United States v. McHaney*, 1 F.4th 489, 491–92 (7th Cir. 2021). I cannot disregard these holdings. *See, e.g.*, *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) ("A district court in Wisconsin must follow our decisions . . . .").

Olson contends that the district court relied on § 924(c)'s residual clause in convicting him of the § 924(c) charge. But Olson's reasoning that the district court would have engaged in some legal reasoning on the record had it relied on § 924(c)'s elements clause is speculative and unclear. *See* Dkt. 2 at 8. I summarily reject this argument. *See Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (district court may deny evidentiary hearing if movant "makes conclusory or speculative allegations rather than specific factual allegations"); *United States v. Trumblay*, 234 F.2d 273, 275 (7th Cir. 1956) ("On a motion to vacate, set aside or correct a sentence, a movant has the burden of proof. The movant must set forth facts and not merely conclusions." (citation omitted)).

Olson contends that it would violate his Sixth Amendment right to a jury trial to conclude that his Hobbs Act robbery charge supported his § 924(c) conviction. Olson suggests that such a determination would require judicial fact-finding that would "raise the limit of the possible Federal sentence." *See id.* at 9. But "[w]hether an offense constitutes a 'crime of violence' for purposes of section 924(c) is a legal question . . . ." *Mercado v. United States*, 720 F. App'x 1018, 1019 (11th Cir. 2018) (per curiam); *see also United States v. Washington*, 462 F.3d 1124, 1140 n.9 (9th Cir. 2006); *cf. United States v. Williams*, 949 F.3d 1056, 1066 (7th

Cir. 2020). But there has been no "judicial finding of fact that increases the statutory mandatory minimum sentence" that Olson faces. *See United States v. Hernandez*, 731 F.3d 666, 672 (7th Cir. 2013) (discussing *Alleyne v. United States*, 570 U.S. 99 (2013)). Olson pleaded guilty to brandishing a firearm during and in relation to a crime of violence and received the statutory mandatory minimum consecutive 84-month sentence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). In so doing, as Olson all but admits, he waived his right to have a jury decide whether he committed this offense. *See* Dkt. 2 at 9; *see also* Plea Agreement, ¶ 2, 08-cr-171-wmc-2, Dkt. 83 (Olson's acknowledgment that he was giving up his right to a jury trial by pleading guilty).

If Olson contends that the district court violated his Sixth Amendment right to a jury trial when it accepted his guilty plea, he cannot raise this argument here because *Alleyne* does not apply retroactively on collateral review. *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015). Olson's Sixth Amendment argument is facially insufficient.

I decline to hold an evidentiary hearing because "the motion and the files and records of the case conclusively show that [Olson] is entitled to no relief." *Burkhart*, 27 F.4th at 1299 (citing 28 U.S.C. § 2255(b)).

## MOTION TO APPOINT COUNSEL

I may appoint counsel for a § 2255 movant if "the interests of justice so require" and the movant is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether the movant can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a

reasonable chance of winning with a lawyer at his side. *See e.g.*, *Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

Here, Olson cannot meet this standard. The issues in the case are not complex and the motion and record show that his claims are futile. I will deny his motion to appoint counsel.

## CERTIFICATE OF APPEALABILITY

Because Olson seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Olson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I denied Olson's claims on the merits, to obtain a certificate of appealability, he "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because Olson cannot so show, I will deny a certificate of appealability. Olson may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. Movant's motion to vacate, Dkt. 1, is DENIED.

2. Movant is DENIED a certificate of appealability.

3. Movant's motion to appoint counsel, Dkt. 3, is DENIED.

4. Movant's motion for order directing government to respond, Dkt. 6, is DENIED AS MOOT.

5. The clerk is directed to enter judgment accordingly and to send movant a copy of this order.

Entered November 9, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge